AO 247 (Rev. 11/11)   Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)    Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the

District of South Carolina

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No: 4:11-cr-02345-TLW-2 |
| Dormaine Kadrell Baker | ) | USM No: 23499-171 |
| | ) | |
| Date of Original Judgment: 11/13/2012 | ) | Mark C. McLawhorn |
| Date of Previous Amended Judgment: | ) | *Defendant's Attorney* |
| *(Use Date of Last Amended Judgment if Any)* | | |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:

☑ DENIED.    ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .

*(Complete Parts I and II of Page 2 when motion is granted)*

The Court concludes that Defendant is eligible for relief under Amendment 782. However, in exercising its discretion under § 3582(c)(2), the Court concludes that his sentence should not be reduced. This conclusion is based on a consideration of relevant caselaw and the factors set forth in Application Note 1(B) of § 1B1.10 (including the § 3553(a) factors), including the significant drug weight for which he was held accountable, that he was under sentence for several other offenses at the time of the instant offense, and public safety considerations based on his extensive, violent criminal history, which included convictions for voluntary manslaughter, assault, receiving stolen goods, and larceny. See United States v. Smalls, 720 F.3d 193, 195 (4th Cir. 2013); United States v. Legree, 205 F.3d 724, 727 (4th Cir. 2000).

Except as otherwise provided, all provisions of the judgment dated _____11/13/2012_____ shall remain in effect.
**IT IS SO ORDERED**.

Order Date: _____07/31/2015_____

s/ Terry L. Wooten
*Judge's signature*

Effective Date: _____
*(if different from order date)*

Terry L. Wooten, Chief United States District Judge
*Printed name and title*